UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
Andrew L. Pinckney,

                         07 Civ. 11310 (CM)(MHD)

                    Plaintiff(s),

                                              ORDER OF REFERENCE

           -against-                              TO A MAGISTRATE JUDGE

Herts #18147, et al,

                    Defendant(s).
----------------------------------------X

The above entitled action is referred to the Honorable Michael H. Dolinger, United States Magistrate Judge for the following purpose(s):

\_\_\_\_\_ General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement)

\_\_\_\_\_ Consent under 28 U.S.C. §636(c) for all purposes (including trial)

\_\_\_\_\_ Specific Non-Dispositive Motion/Dispute:*

*for the purpose of Completing deposition (see attached letter for details)*

\_\_\_\_\_ Consent under 28 U.S.C. §636(c) for limited purpose (e.g., dispositive motion, preliminary injunction

Purpose:_____

If referral is for discovery disputes when the District Judge is unavailable, the time period of the referral:_____

\_\_\_\_\_ Habeas Corpus

\_\_\_\_\_ Social Security

\_\_\_\_\_ Settlement*

~~Inquest After Default/Damages Hearing~~

\_\_\_\_\_ Dispositive Motion (i.e., motion requiring a Report and Recommendation

Particular Motion:_____

All such motions:_____

[Stamp: USDS SDNY DOCUMENT ELECTRONICALLY FILED DOC #:\_\_\_\_\_ DATE FILED: 5/30/08]

* Do not check if already assigned for general pretrial.

Dated: May 30th, 2008
New York, New York

SO ORDERED:

/s/ Colleen McMahon

Hon. Colleen McMahon
United States District Judge

Copies mailed/faxed/handed to counsel on 5/30/08



**THE CITY OF NEW YORK**

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MAURICE L. HUDSON**<br>*(212) 788-1041*<br>*fax: (212) 788-9776*<br>*mhudson@law.nyc.gov* |

May 23, 2008

**BY HAND DELIVERY**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>Andrew Pinckney v. Herts #18147, et al.</u> 07-CV-11310 (CM) (MHD)

Your Honor:

        I am an attorney in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the above-referenced federal civil rights lawsuit. I write to respectfully inform the Court that although the parties commenced plaintiff's deposition by means of videoconference this morning pursuant to Your Honor's Orders dated May 2, 2008, and May 5, 2008, the deposition had to be adjourned due to significant and persistent technical difficulties. Additionally, plaintiff's ability to testify appeared to be significantly impaired by what plaintiff himself described as severe problems with his memory, speech and concentration.[1] Accordingly, I respectfully request that the Court either (1) stay this litigation until such time as plaintiff's mental condition improves, or in the alternative, (2) order that plaintiff be produced at Sing Sing Correctional Facility for the purpose of completing his deposition in person within thirty (30) days, on or prior to June 23, 2008. The reasons for these requests are set forth below.

        Although the deposition was adjourned because of the aforementioned technical problems, it became increasingly clear during the questioning that there were serious issues as to plaintiff's ability to provide full and accurate testimony. By way of example, when asked how tall he was, plaintiff reached into his shirt pocket to look at his identification card. When asked

---

[1] Due to the sensitive medical nature of plaintiff's testimony and pursuant to New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPPA), defendants will respectfully await a request from the Court before describing plaintiff's testimony regarding his mental status in further detail. Additionally, defendants will provide the Court with the relevant excerpts from plaintiff's deposition transcript when same becomes available.

why he did so, plaintiff stated that it was because he has a "bad case of memory loss." However, based on plaintiff's testimony regarding the reasons for his memory loss and his difficulty with speaking and concentration, there is reason to believe that these problems may be temporary and/or treatable, and that plaintiff might thus be able to testify more fully and accurately at a later date.[2] If this is the case, defendants believe that the resources of the Court and the parties would be better utilized by adjourning plaintiff's deposition until his mental status has improved. Accordingly, defendants respectfully request that the Court stay this litigation until such time as plaintiff's mental condition improves.

Should the Court be disinclined to grant defendants' request to stay this litigation for the aforementioned reasons, defendants respectfully request that the Court order that plaintiff be produced at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York, for the purpose of continuing his deposition in person, on or prior to June 23, 2008. As noted above, plaintiff's deposition by videoconference was prematurely adjourned due to the fact that the audiovisual connection timed out several times. This problem, which started intermittently, increased in frequency and became progressively worse. Although plaintiff was patient and cooperative throughout several attempts to correct the problem, it ultimately became apparent that it was not possible to take plaintiff's deposition testimony properly under those circumstances. Moreover, the Court's audiovisual technician indicated that the connection problem stems from the teleconferencing system used by Washington Correctional Facility and, as such, attempting a connection from any of the Court's other conference rooms would not produce a better result.

In view of the foregoing, it is respectfully requested that the Court grant the within request to stay this litigation or, in the alternative, to order that plaintiff be produced at the aforementioned facility for the purpose of completing his deposition.

I apologize to the Court for any inconvenience associated with these requests and thank you for your consideration of these matters.

Respectfully submitted,

Maurice L. Hudson
Assistant Corporation Counsel

cc: Andrew Pinckney #07-A-6416 (by U.S. Mail)
72 Lock 11 Lane, Box 180
Comstock, NY 12821-0180

---

[2] To date, despite our requests, this Office is not in receipt of plaintiff's medical records from Correctional Health Services or any other healthcare provider. As such, we are not able to assess the nature, extent or potential duration of plaintiff's purported memory loss. Immediately upon receipt of plaintiff's medical records, this Office will inform the Court and set forth whether plaintiff's medical records contain additional information regarding plaintiff's present difficulties and the projected duration thereof.

- 2 -