```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
ANDREW PINCKNEY,
                                :
              Plaintiff,
                                :   REPORT & RECOMMENDATION
       -against-
                                :   07 Civ. 11310 (CM)(MHD)
HERTS #18147 et al.,            :

              Defendants.       :
-------------------------------x
```

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/08

TO THE HONORABLE COLLEEN McMAHON, U.S.D.J.:

Pro se plaintiff Andrew Pinckney, currently an inmate in the New York State correctional system, has moved for an order enjoining the defendants from "harrass[ing]" him in connection with his pending lawsuit while he is housed at the City's Rikers Island prison facilities. In that lawsuit he alleges that he was subjected to excessive force by a group of City corrections officers at the Otis Bantum Correctional Center on Rikers Island. He also asks that the order provide that he not be returned to Rikers Island "for any further court dates." (Notice of Mot. to Stop Harassment and Retaliation, July 25, 2008). We recommend that the motion be denied.

When a party seeks a preliminary injunction, he bears the burden to demonstrate at least that "[]he will suffer irreparable harm absent injunctive relief, and . . . either (a) that . . . []he

9/5/08 Having reviewed the objections and concluding that they lack merit I adopt the Report as my opinion and deny the motion.

Colleen McMahon
USDJ

is likely to succeed on the merits, or (b) 'that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.'" Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks omitted) (quoting No Spray Coal., Inc. v. City of New York, 252 F.3d 148, 150 (2d Cir. 2001) (per curiam)); accord, e.g., D.D. ex rel. V.D. v. N.Y. City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006). Plaintiff cannot satisfy these standards.

The basis for Pinckney's application appears in his affirmation accompanying the motion. He reports that he was recently transferred from State custody to a facility at Rikers Island (apparently not the Otis Bantum facility) for a "Family Court proceeding which took place on July 10th 2008." (Affirmation of Andrew Pinckney in Supp. of Mot. at first page, July 25, 2008). During this recent stay, he alleges that he was denied medical care and that he therefore filed an internal grievance against medical personnel at Rikers. He further asserts that in retaliation for that grievance, unnamed corrections officials falsified incident reports against him and made unspecified verbal threats. (Id.).

Insofar as plaintiff seeks what amounts to a preliminary injunction, his application fails on several grounds. First, he was

2

re-transferred to State custody in late July 2008 (Letter from Ass't Corp. Counsel Maurice L. Hudson, Esq., to the Court, at p. 2 (Aug. 15, 2008)), and there is no indication that he is likely to be returned to any facility on Rikers Island in the foreseeable future. That alone moots his request for injunctive relief. See, e.g., Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008). Second, plaintiff offers no evidence that the named defendants in this case were aware of his recent presence at Rikers (at a facility other than the one where the incident underlying this lawsuit took place), and the documentation of the most recent incident reflects that none of the defendants were involved in it. (Hudson letter at annexed (Grievant's Statement Forms & Report and Notice of Infraction)). Third, other than a conclusory assertion of retaliatory intent, plaintiff offers no evidence that the filing of an incident report against him constituted retaliation for his exercise of his constitutional rights, and hence he fails to demonstrate serious issues going to the merits, let alone a likelihood of success on the merits of such a claim, were he ever to plead it in a federal lawsuit against the officers responsible for the incident report. Fourth, in view of plaintiffs' transfer to State custody, he fails to demonstrate any likelihood of irreparable harm if the relief he seeks is not granted.

3

## CONCLUSION

For the reasons stated, we recommend that plaintiff's motion be denied.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Colleen McMahon, Room 640, 500 Pearl Street, New York, New York 10007-1312, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985), reh'q denied, 474 U.S. 1111 (1986); Small v. Sec'y of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

5

Case 1:07-cv-11310-CM-MHD    Document 27    Filed 09/05/2008    Page 5 of 6

Dated: New York, New York
       August 19, 2008

                              RESPECTFULLY SUBMITTED,

                              _____
                              MICHAEL H. DOLINGER
                              UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Report and Recommendation have been mailed this day to:

Mr. Andrew Pinckney
# 07-A-6416
Washington Correctional Facility
72 Lock 11 Lane
Box 180
Comstock, New York 12821-0180

Maurice L. Hudson, Esq.
Assistant Corporation Counsel
   for the City of New York
100 Church Street
New York, New York 10007

5